**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TAMRA L. CRAWFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-07-576-HE** |
| | ) | |
| **MICHAEL J. ASTRUE, Commissioner of Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits. United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. __). As the parties have briefed their positions, the matter is at issue. For the following reasons, it is recommended that the Commissioner's decision be affirmed.

**I. PROCEDURAL HISTORY**

Plaintiff protectively filed an application for supplemental security income benefits on July 1, 2003, alleging a disability onset date of October 15, 1998, caused by juvenile myoclonic epilepsy and migraine headaches. Tr. 59-60, 86-87. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 23, 24, 25, 28-30, 36-37. Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on April 19, 2005. Tr. 38, 231-62. Plaintiff appeared

in person with an attorney, and offered testimony in support of her application. Tr. 233, 235-54. At the request of the administrative law judge, a vocational expert also appeared and testified. Tr. 48-49, 257-61. The administrative law judge issued his decision on September 29, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act and, therefore, she was not entitled to supplemental security income benefits. Tr. 13-15, 16-21. The Appeals Council denied Plaintiff's request for review on March 16, 2007, and thus, the decision of the administrative law judge became the final decision of the Commissioner. Tr. 5-8.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 416.920; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The claimant bears the burden to establish

a prima facie case of disability at steps one through four. Williams, 844 F.2d at 751 and n.2. If the claimant successfully carries her burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy given the claimant's age, education, and work experience. Id. at 751.

## III. THE ADMINISTRATIVE LAW JUDGE'S DECISION

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 416.920. He first found that Plaintiff had not engaged in substantial gainful activity since the date she filed her application for supplemental security income benefits, and so he proceeded to the next steps in the sequential analysis. Tr. 16, 20. At steps two and three, the administrative law judge found that the medical evidence indicated that Plaintiff suffers from seizures and migraine headaches, and that her impairments were severe but not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 17, 20. At the fourth step of the sequential evaluation process, the administrative law judge found that Plaintiff did not have any past relevant work. Tr. 19, 21. He then found that she had the residual functional capacity for a wide range of light work, but she should avoid all exposure to dangerous machinery. Tr. 19-20. He also noted that she experiences a mild to moderate level of fatigue, anxiety, and discomfort. Id. At step five, considering Plaintiff's age, education, prior work experience, residual functional capacity, the testimony of the vocational expert, and using the Medical-Vocational Guidelines Rules 202.21 and 202.22

as a guideline for decision making, the administrative law judge determined that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 20-21. Thus, the administrative law judge found that Plaintiff was not disabled and, therefore, not entitled to supplemental security income benefits. Tr. 20-21.

## IV. PLAINTIFF'S ARGUMENTS ON APPEAL

Plaintiff raises two issues for judicial review. She first claims that the administrative law judge "failed to properly document the file with regard to [her] condition." Plaintiff's Opening Brief, p. 4. She next claims that the administrative law judge made an "improper" credibility assessment. Id.

## V. DISCUSSION

### A. Duty to Develop the Administrative Record

For her first argument on appeal, Plaintiff contends that the administrative law judge erred by failing to adequately develop the medical record. Id. at 4-7. In particular, Plaintiff contends that the administrative law judge should have ordered a supplemental consultative examination when the first consultative examiner concluded that it was unlikely that Plaintiff suffers from epilepsy and more likely her "seizures" are caused by anxiety. Id. at 7. She contends that a supplemental consultative examination was necessary to explore the consultative examiner's conclusion and, thus, the administrative law judge lacked sufficient evidence upon which to make a determination concerning the extent of her limitations. Id.

In response, the Commissioner points out that the claimant bears the burden to prove that she suffers from a disabling condition, that before the duty to develop the

record arises, there must be some objective medical evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation. Commissioner's Brief, p. 4. The Commissioner further contends that the record was sufficiently developed to allow the administrative law judge to make an informed decision. Id.

"It is beyond dispute that the burden to prove disability in a social security case is on the claimant." Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Nevertheless, because a social security hearing is a non-adversarial proceeding, an administrative law judge has the duty "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." Henrie v. United States Dep't of Health and Human Servs., 13 F.3d 359, 360-61 (10th Cir. 1993). To that end, the Commissioner's regulations describe "[s]ituations requiring a consultative examination" as those where:

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work, or, if you are a child, your functioning, but the current severity of your impairment is not established.

20 C.F.R. § 416.919a(b). However, before further investigation is required, there must be "some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation." Hawkins, 113 F.3d at 1167. "When the claimant has satisfied his or her burden in that regard, it then, and only then, becomes the responsibility of the [administrative law judge] to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment." Id. Further, the administrative law judge "has broad latitude in ordering consultative examinations." Id. at 1166.

As Plaintiff acknowledges, there is not much medical evidence in this case. The available medical records are of little probative value with respect to Plaintiff's claim that she is disabled by epilepsy. What the records do show is that from June 2002 through June 2003, Plaintiff visited the Central Oklahoma Family Medical Center where she obtained prescription refills for Neurontin to treat "seizures" that she indicated had been diagnosed as epilepsy four to five years earlier. Tr. 154, 156, 161, 164, 166-67. Plaintiff reported suffering several "seizures" during the year she was treated at the Central Oklahoma Family Medical Center which led a physician to refer her to a neurologist. Tr. 164, 166. There is no information in the medical record concerning whether Plaintiff actually saw this neurologist.

In April 2004, Plaintiff began seeing Dr. Glenn Crowson, a family practitioner, for general medical care and Neurontin refills. Tr. 221, 204-217. Dr. Crowson referred Plaintiff for an electroencephalogram ("EEG") study performed in December 2004 which

disclosed "no epileptiform activity . . . to lend a clue as to the etiology of the patient's spell[s]." Tr. 201, 214.

The only other pertinent medical evidence is the consultative examiner's report and supplemental report which were generated at the request of the administrative law judge, after the administrative hearing. Tr. 149. After the hearing, Dr. Sherman Lawton, a neurologist, reviewed Plaintiff's medical records, but concluded that other than the EEG study, they were "useless." Tr. 222. Dr. Lawton noted that Plaintiff's medical records at times "described [her] as having a 'seizure' but there is no physical examination of consequence and not even a description of what happens to [Plaintiff] in the records." Tr. 222. Based upon his examination of Plaintiff and his review of her medical records, Dr. Lawton stated he

> very much doubt[s] that [Plaintiff] has a seizure disorder. Her symptoms as she describes them are classic for hyperventilation and would be very consistent with a normal EEG and failure to respond to anticonvulsants. It should also be noted that Neurontin is not recommended as a stand alone seizure drug in any event.

Tr. 223.

After receiving Dr. Lawton's report, Plaintiff complained that Dr. Lawton erroneously noted that she was only taking 300 mg of Neurontin per day when she was actually taking 3000 mg per day. Tr. 58. The administrative law judge asked Dr. Lawton for a supplemental report in light of the alleged error. In his supplemental report, Dr. Lawton explained that the dose of Neurontin that he reported the Plaintiff was taking was based on what she told him during his examination. Tr. 227.

He added:

> If, in fact, [Plaintiff] is taking a larger dose of Neurontin without benefit, this would be even further evidence that we are not dealing with a true seizure disorder but rather with anxiety and hyperventilation. This would be consistent with the history provided by [Plaintiff] and the normal EEG, which one would surely expect to be abnormal if the patient were having multiple episodes of true seizure activity on a regular basis.

Tr. 227.[1]

There are no records from the physician who made the original epilepsy diagnosis. There also are no records from any hospitals or other providers although Plaintiff has indicated that she has been treated at a hospital during some of her seizures. See, e.g., Tr. 164. Significantly, Plaintiff does not contend that the administrative law judge inadequately developed the record by failing to procure pre-existing medical evidence.

The undersigned concludes that the administrative law judge did not err by failing to develop a sufficient record upon which to base his determination. First, it should be noted that, consistent with his obligations under the applicable regulations, the administrative law judge *did* order a consultative examination after the hearing because he expressed concern with the utility of Plaintiff's medical records. Tr. 149, 254-56. Plaintiff argues that after the consultative examiner's report was received, suggesting that her seizures were caused by anxiety rather than epilepsy, the administrative law judge should have ordered *another* consultative examination to explore the nature and extent of her anxiety attacks. Plaintiff's Opening Brief, p. 7. The undersigned is not aware of any authority, and Plaintiff has not pointed to any, providing that it is the administrative

---

[1] In the decision, the administrative law judge addressed Plaintiff's assertion that "all medical evidence indicates that [Plaintiff] is and has been taking 3000 mg of Neurontin," by correctly noting that the medical evidence in the record did not support the claim and he discussed entries which showed that Plaintiff took differing quantities of Neurontin, including entries stating that she took only 300 mg of Neurontin per day. Tr. 17-18.

law judge's responsibility to develop all of the evidence supporting a claimant's case. To the contrary, it is the claimant's burden to make sure that there is evidence in the record sufficient to suggest a reasonable possibility that a severe impairment exists before the duty of the administrative law judge to further develop the record is triggered. Hawkins, 113 F.3d at 1167. If Plaintiff believed an additional consultative examination would have been helpful in proving her claim of disability, she should have requested one. This is particularly true since claimant was represented by counsel. Id. at 1167-68 ("[W[hen the claimant is represented by counsel at the administrative hearing, the [administrative law judge] should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored . . . In the absence of such a request by counsel, we will not impose a duty on the [administrative law judge] to order a consultative examination unless the need for one is clearly established in the record.").

Plaintiff argues on appeal that whether her seizure disorder is a true seizure disorder or the result of anxiety and hyperventilation is "somewhat irrelevant to the issue of whether or not [she] is under a disability." Plaintiff's Opening Brief, pp. 6-7. The undersigned agrees. Here, the administrative law judge found that she suffers from a seizure disorder and whether the disorder was a true seizure disorder or caused by anxiety is really not relevant to the issue of whether the seizure disorder is disabling. As the Commissioner points out, the administrative law judge not only accepted the diagnosis of a seizure disorder, he included seizure precautions in Plaintiff's residual functional capacity assessment. The administrative law judge just did not find that her

seizure disorder prevents her from performing all work that exists in the national economy. Plaintiff has made no showing that the administrative law judge had a duty to further develop the record or what the evidence might have shown. Under the circumstances here, the administrative law judge had no obligation to order an additional consultative examination. Accordingly, Plaintiff's first point of error provides no basis for granting relief.

**B. Credibility Determination**

In her second point of error, Plaintiff claims that the administrative law judge erred in his credibility analysis. Without identifying any specific deficiency, Plaintiff complains that the administrative law judge failed to engage in anything more than a superficial analysis of her credibility. Plaintiff's Opening Brief, p. 8.

In response, the Commissioner argues that the administrative law judge properly evaluated Plaintiff's credibility and points to several places in the discussion which show that the administrative law judge considered the appropriate factors in evaluating Plaintiff's credibility. Brief in Support of the Commissioner's Decision, p. 8.

The standard for evaluating the effects of symptoms such as pain, fatigue, shortness of breath, weakness, or nervousness on a claimant's ability to work is well established. In accordance with Luna v. Bowen, 834 F.2d 161, 163-65 (10th Cir. 1987), the administrative law judge must consider (1) whether the claimant has established the existence of a medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms, (2) if so, whether there is at least a "loose nexus" between the impairment and the claimant's

subjective allegations, and (3) if so, whether, considering all of the evidence, both objective and subjective, the claimant's symptoms are in fact disabling.

When the existence of a medically determinable physical or mental impairment that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the claimant's ability to do basic work activities. Social Security Ruling 96-7p, 1996 WL 374186, at *1. Some of the factors that may be considered in assessing the credibility of a claimant's statements about the effects of her symptoms include: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant receives or has received for relief of pain or other symptoms; (5) treatment, other than medication, the claimant has received for relief of pain or other symptoms; and (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms. 20 C.F.R. § 416.929(c)(3); see also Luna, 834 F.2d at 165-66; Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988) (listing other relevant factors including "frequency of medical contacts, . . . subjective measures of credibility that are peculiarly within the judgment of the [administrative law judge], the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.").

Credibility determinations are peculiarly within the province of the finder of fact, and should not be upset when they are supported by substantial evidence. Diaz v. Sec'y

of Health and Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). However, an administrative law judge must closely and affirmatively link his credibility findings to substantial evidence as a conclusory finding is insufficient. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). A "formalistic factor-by-factor recitation of the evidence" is however not required. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). An administrative law judge's credibility analysis is sufficient so long as the decision sets forth the specific evidence relied upon in making the determination. Id.

Here, the administrative law judge determined that Plaintiff established that she suffered from seizures and migraine headaches. Tr. 17. Accordingly, he was required to determine the extent to which he believed Plaintiff's subjective assertions concerning how these impairments affected her ability to work. See Luna, 834 F.2d at 163. The administrative law judge found,

> that claimant's allegations of disabling pain and discomfort are not supported by credible facts and findings from which it can be concluded that she has an impairment or impairments which could reasonably be expected to cause the degree of pain and discomfort which [s]he alleges.

Tr. 19. The administrative further concluded that "the evidence does not indicate that claimant's allegations of disabling pain, discomfort, and limitations are consistent with the credible evidence of record." Tr. 19.

A review of the credibility discussion shows that the administrative law judge considered Plaintiff's daily activities in making his credibility finding, stating that there is no indication that her daily activities have been curtailed to an extent that would suggest an inability to engage in all work activity. Tr. 19. The administrative law judge also discussed her medical records including whether her seizure disorder was under

control and the frequency of Plaintiff's symptoms, noting that they were "episodic" and "vacillate in and out of control." Tr. 19. Further, the administrative law judge recognized that nothing indicated that Plaintiff suffered side effects from her medications that would result in an inability to work. Tr. 19.

It is clear that the administrative law judge believed that Plaintiff was affected by her symptoms as he noted there is "no doubt [she] experiences some pain, discomfort, and limitations." Tr. 19. However, the administrative law judge explained that he simply was not persuaded that it rose to a level of severity and was of such duration and intensity that it precluded her from engaging in all work. Tr. 19. Considering the deference accorded to credibility determinations and that a formalistic factor-by-factor analysis is not required, the administrative law judge's credibility discussion here is legally adequate and based upon substantial evidence. Accordingly, Plaintiff's second point of error provides no basis for relief.

**RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by March 20, 2008, in accordance with 28 U.S.C. § 636 and Local

Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 29th day of February, 2008.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE